FILED ENTERED
LOGGED RECEIVED

NOV 29 2017

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*James Wallner*
*Assistant United States Attorney*
*James.Wallner@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4971*
*MAIN: 410-209-4800*
*FAX: 410-962-0717*

March 1, 2017

Christopher Purpura, Esq.
8 East Mulberry Street
Baltimore, Maryland 21202

Re: United States v. Roderick Brunson
Criminal Number: JFM-16-0364

Dear Mr. Purpura:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by March 17, 2017, it will be deemed withdrawn. The terms of the agreement are as follows:

## Offenses of Conviction

1. The Defendant agrees to plead guilty to Count One of the Superseding Indictment filed against him, which charges him with conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. The Defendant admits that he is, in fact, guilty of those offenses and will so advise the Court.

## Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

i. that an agreement existed between two or more persons to violate the drug laws of the United States by distributing or possessing with the intent to distributing one kilogram or more of heroin; and

ii. the Defendant knowingly entered into that agreement.

## Penalties

3. The maximum sentences provided by statute for the offenses to which the Defendant is pleading guilty are as follows:

a. Imprisonment for life, with a ten-year minimum mandatory sentence followed by a period of supervised release of at least five years and no more than five years, and a $10,000,000 fine; and

b. In addition, the Defendant must pay $100 as a special assessment for each count of conviction pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. § 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his

defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d. The Defendant would have the right to testify in his own defense if he so chose and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

## Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C.§ 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. § 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the following Statement of Facts, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

6. This Office and the Defendant understand, agree and stipulate to the following Statement of Facts, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

a. **Statement of Facts**

Beginning at a time unknown, but at least as early as February 2016, the Defendant, Roderick Brunson, conspired with others to provide quantities of heroin in New York, where he lived, to individuals, who would travel from Baltimore to obtain the heroin from him. During the period of the conspiracy, the Drug Enforcement Administration (DEA) obtained authority to intercept the communications of individuals associated with a drug trafficking organization (DTO) operating in the area of Loyola Northway in Baltimore, Maryland and confirmed that members of that DTO would travel to New York to meet Brunson, and another individual that Brunson introduced to them to obtain heroin. The heroin was then transported to Baltimore for distribution.

The Government's evidence consists of the testimony of cooperating witnesses; the seizure of narcotics and narcotics paraphernalia and the recording of conversations occurring over the Defendant's and others' cellular telephones.

b. **Guideline Stipulations**

The parties stipulate and agree that the base offense level is 30 because the amount of drugs foreseeable to the defendant as part of the conspiracy was more than one kilogram, but less than three kilograms of heroin, pursuant to U.S.S.G. § 2D1.1(c)(5).

c. **Acceptance of Responsibility**

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. **The final adjusted guideline range is agreed to be 27**.

departures or adjustments set forth in the United States Sentencing Guidelines are in dispute. If the Defendant intends to seek a sentence outside the final advisory guideline range, the Defendant agrees to notify this Office of the factors under 18 U.S.C. § 3553(a) on which the Defendant intends to rely no later than fourteen days prior to the date of sentencing.

## Obligations of the United States Attorney's Office

9. At the time of sentencing, this Office will recommend a reasonable sentence after consideration of the final advisory guideline range and the factors outlined in 18 U.S.C. § 3553(a), and will move to dismiss any open counts against the Defendant.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

## Waiver of Appeal

11. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

Obstruction or Other Violations of Law

12. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

Court Not a Party

13. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

Entire Agreement

14. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete

plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: ______________________
James T. Wallner
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

11/28/17
Date

Roderick Brunson

I am Roderick Brunson's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

11/28/17
Date

Christopher Purpura, Esq.